UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard SUAREZ, Defendant-Appellant.

No. 85–5143.

United States Court of Appeals,
Eleventh Circuit.

July 2, 1987.

Stanley Jay Bartel, Miami, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Mayra R. Lichter, Andrea M. Simonton, Emalyn D. Gazitua, Sonia O'Donnell, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before VANCE, and ANDERSON, Circuit Judges, and WISDOM *, Senior Circuit Judge.

ANDERSON, Circuit Judge:

On this appeal, we address the question whether the attorney-client privilege can be resurrected at trial after the attorney has testified at a pretrial evidentiary hearing with his former client's consent and pursuant to an express waiver. We conclude, upon the facts presented here, that the privilege had been waived and thus there

* Honorable John Minor Wisdom, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by desig- nation.

was no error in allowing the attorney to testify at trial.

## I. FACTS

In 1981, a federal grand jury in the Southern District of Florida indicted Richard Suarez, a/k/a "Ralph," Gary Souers and Bina Souers on charges of conspiracy to possess and transfer illegal firearms and possession and transfer of weapons, in violation of federal firearms and tax laws. "Ralph" was still unidentified at the time the Souers negotiated and consummated a plea bargain. At some point thereafter, Bina Souers provided information to the government which led to the arrest of Richard Suarez for his role as "Ralph" in the conspiracy. Suarez was represented by Attorney Kenneth Feldman, and pled guilty to one count of the indictment on the advice of his attorney. Two months later, Suarez retained an additional attorney, Rebekah H. Poston, to represent him. On October 25, 1982, seven months after his plea of guilty, Suarez moved to withdraw his plea of guilty pursuant to Fed.R.Crim.P. 32(d) and requested an evidentiary hearing. As grounds in support of the motion, Suarez alleged that Attorney Feldman had inadequately disclosed to him the nature and consequences of his guilty plea and had made misrepresentations to him.

The trial court held an evidentiary hearing to determine whether the guilty plea should be withdrawn. Suarez testified at the hearing that although he was innocent of the charges, he had pled guilty to one of the charges on the misrepresentation and incompetent advice of Attorney Feldman. Feldman allegedly told Suarez that after he pled guilty, Suarez would have a chance to explain to the court his contention that he had been involved in the case in what he believed to be an undercover government agent capacity. Feldman told Suarez that the charges would then be dismissed. Since the defendant was raising the issue of his attorney's misrepresentations, the court, the government, and new defense counsel all agreed that it was essential that Feldman testify at the evidentiary hearing. At that hearing, Suarez expressly waived his attorney-client privilege to permit Feldman's testimony.

Feldman testified at the hearing that Suarez had initially denied any involvement with the charged acts, including meetings and conversations with a government agent. Even when Feldman informed Suarez that the voice on a government tape of a conversation sounded like his own, Suarez continued to deny any involvement in the meetings, conversations and activities underlying the charged offenses. Feldman testified that after he gave Suarez the tape, and when the compounding evidence increasingly indicated that appellant had participated in crucial meetings and conversations, Feldman and Suarez considered the possibilities of entering a guilty plea. Feldman stressed that the first time he became aware of Suarez' purported undercover role in the case was after Suarez entered his guilty plea, when Feldman received a copy of Suarez' letter to his probation officer claiming his innocence.

The trial court found that although Suarez' plea was valid under Fed.R.Crim.P. 11, he may not have been completely aware of the direct consequences of his plea. Accordingly, pursuant to Fed.R.Crim.P. 32(d), the court ordered that the guilty plea be set aside. Subsequently, Suarez was tried before a jury.

At trial, the government called Feldman to testify as a witness during the government's case in chief. Defense counsel vigorously objected to Feldman's testimony, on the ground that the waiver of attorney-client privilege was only for purposes of the change of plea proceeding. However, the trial judge ruled that the attorney-client privilege had been waived as to the matters to which Feldman had testified at the prior evidentiary hearing, and the court allowed Feldman to testify.

Feldman's testimony at trial paralleled, but was more limited than, his testimony at the evidentiary hearing. In particular, he testified that Suarez initially came to him denying any involvement in the accused activities, but that Suarez' "attitude completely changed" when he heard the tape containing his voice.

Suarez was convicted by a jury on October 5, 1984, and was sentenced to two years imprisonment on each of three counts, to run concurrently with each other. As for the other counts, he received a suspended sentence, probation, and an order to do community service. On appeal, Suarez' primary argument is that the admission into evidence of Feldman's testimony was in violation of the attorney-client privilege and *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). We affirm.[1]

## II. DISCUSSION

At trial, Suarez' attorney, Poston, vigorously objected to Feldman's testimony on the ground that such testimony violated Suarez' attorney-client privilege. The trial judge ruled that the waiver of the privilege at the evidentiary hearing constituted a waiver for all purposes. The trial court's conclusion was well-founded.

 We begin by noting that the privilege is not a favored evidentiary concept in the law since it serves to obscure the truth, and it should be construed as narrowly as is consistent with its purpose. *Teachers Insurance & Annuity Ass'n of America v. Shamrock Broadcasting Co.,* 521 F.Supp. 638, 641 (S.D.N.Y.1981). The purpose of the attorney-client privilege is to promote freedom of consultation between client and lawyer by eliminating the fear of subsequent compelled legal disclosure of confidential communications. *International Tel. & Tel. Corp. v. United Tel. Co. of Florida,* 60 F.R.D. 177 (M.D.Fla.1973), *aff'd,* 550 F.2d 287 (5th Cir.1977).[2] However, at the point where attorney-client communications are no longer confidential, i.e., where there has been a disclosure of a

privileged communication, there is no justification for retaining the privilege. *See United States v. Gordon-Nikkar,* 518 F.2d 972, 975 (5th Cir.1975); *In re Weiss,* 596 F.2d 1185 (4th Cir.1979); *Teachers Insurance,* 521 F.Supp. at 641; *United States v. Aronoff,* 466 F.Supp. 855, 862 (S.D.N.Y. 1979); *United States v. Mierzwicki,* 500 F.Supp. 1331, 1334 (D.Md.1980). For that reason, it has long been held that once waived, the attorney-client privilege cannot be reasserted.[3] *See, e.g., United States v. Blackburn,* 446 F.2d 1089, 1091 (5th Cir. 1971), *cert. denied,* 404 U.S. 1017, 92 S.Ct. 679, 30 L.Ed.2d 665 (1972); *Drimmer v. Appleton,* 628 F.Supp. 1249 (S.D.N.Y.1986); *United States v. Krasnov,* 143 F.Supp. 184, 190–91 (E.D.Penn.1956), *aff'd,* 355 U.S. 5, 78 S.Ct. 38, 2 L.Ed.2d 22 (1957); *Hamilton v. Hamilton Steel Corp.,* 409 So.2d 1111, 1114 (Fla. 4 D.C.A.1982); 8 Wigmore, Evidence § 2328 at 638 (McNaughton rev. 1961) ("A waiver at one stage of a trial should be final for all further stages ..."). Once Feldman testified at the hearing to withdraw the guilty plea, the attorney-client privilege could not bar his testimony on the same subject at trial. Feldman's testimony at trial was well within the scope of his testimony at the plea withdrawal, which was already in the public domain pursuant to the waiver of the privilege.[4] Thus, we agree with the district court that Feldman's trial testimony was not a violation of Suarez' attorney-client privilege.

Appellant also argues on appeal that this case is controlled by the rationale expressed in *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). In *Simmons,* a criminal defendant, in order to pursue a claim to suppress certain evidence (i.e., a suitcase in which incriminating evidence was found) which he

---

**1.** Suarez asserts several other grounds for reversal. After careful examination, we conclude that Suarez' other claims are without merit and warrant no discussion.

**2.** This case was decided prior to the close of business on September 30, 1981, and is binding precedent under *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).

**3.** We need not address the issue of whether a *limited* waiver of the privilege is possible, since

in any event Suarez' counsel did not attempt to waive the attorney-client privilege for purposes of the evidentiary hearing only. Indeed, attorney Poston spoke in broad terms at the hearing —"Obviously, we have waived our privilege."

**4.** Suarez cannot argue on the facts of this case that Feldman's trial testimony was unrelated to his testimony at the previous hearing and thus beyond the scope of the waiver.

alleged was seized in violation of his Fourth Amendment rights, was required to testify at a pretrial hearing to establish standing, i.e., his ownership of the suitcase. His admission of ownership was admitted against him at trial. The Supreme Court recognized the danger that a defendant who knew that his testimony could be used against him would sometimes be deterred from presenting the testimonial proof necessary to establish standing to assert a Fourth Amendment claim. And if a defendant did testify in order to pursue his Fourth Amendment rights, the admissibility of such testimony would result in effective waiver of his privilege against self-incrimination. The Court labeled this dilemma "an undeniable tension" between constitutional rights and found it "intolerable that one constitutional right should have to be surrendered in order to assert another." *Simmons,* 390 U.S. at 394, 88 S.Ct. at 976. The Court solved the dilemma by barring the use at trial of the defendant's testimony at the suppression hearing. Appellant argues on appeal that his case is like *Simmons* in that he is being put to a Hobson's choice: in order to exercise his statutory right to withdraw his plea (which he argues implicates both his constitutional right to a jury trial and his right to effective assistance of counsel), he must forego his attorney-client privilege and his privilege against self-incrimination.

 Appellant's contention is an interesting and difficult one, but we need not address it in this case. After a careful review of the record, we have concluded that Suarez did not present to the district court the *Simmons* rationale as a basis for his objection to Feldman's testimony. He argued only that use of the testimony would violate his attorney-client privilege. Fed.R.Evid. 103(a) provides that error may not be predicated upon a ruling which admits evidence unless the specific ground for the objection is made clear. The nature of the error must be "called to the attention of the judge, so as to alert him to the proper course of action and enable opposing counsel to take proper corrective measures." Fed.R.Evid. 103, advisory committee note to subdivision (a). Since we can-

not conclude that the *Simmons* problem, if error at all, represents plain error under the particular circumstances here, *see* Fed.R.Evid. 103(d), we find that the *Simmons* issue has not been preserved for appeal.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.