**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carroll G. BERNARD,**
**Defendant–Appellant.**

**No. 88–1740.**

United States Court of Appeals,
Tenth Circuit.

June 7, 1989.

---

Kenneth P. Snoke, Asst. U.S. Atty. (Tony M. Graham, U.S. Atty., and Ron Wallace, Asst. U.S. Atty., with him on the briefs) for the Northern District of Oklahoma, Tulsa, Okl., for plaintiff-appellee.

Janet L. Cox, of Oklahoma City, Okl., for defendant-appellant.

Before SEYMOUR, BARRETT and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Mr. Bernard appeals the judgment entered following his conviction of sixty-two criminal violations including: one count of conspiracy in violation of 18 U.S.C. § 371 (1982); one count of bank fraud in violation of 18 U.S.C. § 1344 (Supp. II 1984); and sixty counts of making false entries as a bank officer in violation of 18 U.S.C. § 1005 (1982). The case against Mr. Bernard was tried to the same jury which convicted co-defendants Bruce Bonnett, Katherine Joanne Voigt, and Lester Dierksen of the same and related criminal offenses. *See United States v. Bonnett,* 877 F.2d 1450 (10th Cir.1989); *United States v. Voigt,* 877 F.2d 1465 (10th Cir.1989); and *United States v. Dierksen,* No. 88–1712 Order & Judgment, filed June 7, 1989).

Mr. Bernard asserts four errors: (1) counts two through forty-seven charging a violation of 18 U.S.C. § 1344 do not constitute crimes under *Williams v. United States,* 458 U.S. 279, 102 S.Ct. 3088, 73 L.Ed.2d 767 (1982); (2) the court erred in admitting into evidence a letter written by Edward L. Moore to the FDIC; (3) the court erred in permitting testimony of other wrongful acts under Fed.R.Evid. 404(b); and (4) the court erred in permitting the government to call Mr. Tom Nally, an attorney, to testify regarding conversations with Mr. Bernard. The first three issues are identical to those raised by Mr. Bonnett in his appeal, and were adopted by Mr. Bernard. We discussed and disposed of these three assertions of error in *Bonnett.* In this opinion, we shall discuss the remaining issue, issue no. 4. We AFFIRM.

■ Mr. Bernard states his fourth issue as follows: "Where the attorney-client privilege was deemed waived, allowing the government to call Tom Nally to testify regarding conversations with Bernard in connection with the Jim Treat loan, under Rule 501 of the Federal Rules of Evidence, fundamental error was committed, denying this defendant a fair trial." Mr. Bernard argues that the court erred in ruling that the attorney-client privilege had been

waived by counsel's failure to object to the testimony of Mr. Treat. We are not persuaded by his argument.

Counts 48 through 57 charge Mr. Bernard with making illegal nominee loans. Two of these nominee loans were made to Mr. Treat. At trial, the government called Mr. Treat as a witness against the defendant. The gist of the testimony was that Mr. Treat had asked Mr. Bernard about the legality of making a nominee loan. Mr. Treat testified that Mr. Bernard told him that he (Mr. Bernard) had verified the legality of such a loan with an attorney, Mr. Tom Nally.

Counsel for Mr. Bernard did not object, and did not cross-examine the witness. Later in the trial, the court ruled that Mr. Bernard waived his attorney-client privilege "in regard to the loans made by Bernard to Treat" and permitted the government to call Mr. Nally as a witness. Mr. Nally testified that Mr. Bernard was his client. He denied even discussing the question of the legality of nominee loans with his client.

Fed.R.Evid. 501 pertains to privileges and provides, in part:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, ... shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.

Citing *State v. Miller*, 105 Wash. 475, 178 P. 459 (1919), and *State v. Powell*, 217 S.W. 35 (Mo.1919), Mr. Bernard argues that he did not waive the attorney-client privilege by failing to object to the testimony of Mr. Treat, a non-party to the privileged communication. He contends that the waiver of the privilege must come from the holder, i.e., the client or the attorney, and not through the testimony of a third party.

■ Mr. Bernard misperceives the nature of the trial court's ruling. Mr. Bernard willingly sacrificed his attorney-client confidentiality and privilege by voluntarily disclosing the confidential communication to Mr. Treat. Any voluntary disclosure by the client is inconsistent with the attorney-client relationship and waives the privilege. *United States v. Suarez*, 820 F.2d 1158 (11th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 505, 98 L.Ed.2d 503 (1987). Mr. Bernard did this in an effort to convince Mr. Treat that the proposed nominee loan was lawful and proper. Mr. Bernard, having revealed the purported conversation between himself and his counsel in an effort to induce Mr. Treat to engage in a nominee loan, cannot later claim the protection of the attorney-client privilege. Courts need not allow the claim of attorney-client privilege when the party claiming the privilege is attempting to utilize the privilege in a manner that is not consistent with the privilege.

■ Furthermore, Fed.R.Evid. 103 provides that error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right is affected and a timely objection was made. In the present case counsel fails to persuade us that a substantial right was affected by the testimony. Therefore, we conclude that Mr. Bernard's assertion of error is without merit.

AFFIRMED.