Opinión disidente emitida por el
Juez Presidente Señor Hernández Denton.
Coincidimos con la opinión de una mayoría de este Tribunal de que no se configuró una renuncia al privilegio abogado-cliente cuando el abogado divulgó la información privilegiada en el Cuartel General mientras su cliente es-taba bajo custodia en otro lugar. Sin embargo, entendemos que sí se renunció al referido privilegio al no objetarse la divulgación de la información privilegiada en la etapa de vista para la determinación de causa probable para arresto. Por ello, nos vemos forzados a disentir.
I
A raíz de un doble asesinato ocurrido en 2006, el Sr. Waldemar Fernández Rodríguez acudió al Cuartel General de la Policía en compañía del Ledo. Luis Carbone. Este último informó al Sgto. José Curbelo Muñiz que su cliente *810 no declararía aún porque estaba muy nervioso, pero que luego haría una declaración completa de los hechos, pues estaba relacionado con el referido crimen. Posteriormente, mientras el acusado estaba bajo custodia, el sargento Cur-belo Muñiz entrevistó al licenciado Carbone a solas. Dicho abogado indicó a los agentes dónde estaba el arma con la que supuestamente se cometió el crimen. Así, estos encon-traron el arma, el cargador, seis balas y tres casquillos.
En 2007 el Ministerio Público presentó dos denuncias por asesinato en primer grado, tipificado en el Art. 106 del Código Penal de 2004 (33 L.P.R.A. sec. 4734), y tres denun-cias por infracciones a los Arts. 5.04 y 5.15 de la Ley de Armas de Puerto Rico, Ley Núm. 404 de 11 de septiembre de 2000, según enmendada, 25 L.P.R.A. secs. 458c y 458n, respectivamente. Luego, se celebró la vista para la deter-minación de causa probable para arresto, a la cual compa-reció el señor Fernández Rodríguez representado por el li-cenciado Carbone y otros tres abogados de defensa: la Leda. Carmen Dolores Ruiz López, el Ledo. René José Muñoz del Castillo y el Ledo. Carlos Ramos Pantojas. Además, esta-ban presentes el Ledo. Rafael Anglada López, como primo y “tutor protectivo” del señor Fernández Rodríguez, y la Leda. Joanna Gilot Openheimer. Durante la vista, el sar-gento Curbelo Muñiz declaró extensa y detalladamente so-bre la información provista por el licenciado Carbone. En ese momento, ninguno de los cuatro abogados de defensa, ni el señor Fernández Rodríguez, objetaron este testimonio.
Tampoco aludieron al privilegio abogado-cliente en el contrainterrogatorio al sargento Curbelo Muñiz. Consi-guientemente, el foro primario halló causa probable para arresto.
Así las cosas, se celebró la vista preliminar, a la cual compareció el acusado con sus cuatro abogados de defensa. En esta etapa de los procedimientos, las partes estipularon el informe de balística, el certificado de análisis forense de ADN sobre la ropa del señor Fernández Rodríguez, una servilleta y manchas de sangre en el arma, que resultó ser *811 la sangre de uno de los occisos, el registro de armas de fuego y la licencia vencida de tiro al blanco del señor Fer-nández Rodríguez. Además, testificaron el sargento Cur-belo Muñiz, la Sra. Glenda Pérez Román, el Sr. Fernando Fernández, el Sr. Harold Huntley, la Sra. Brenda Pía Díaz, el Ledo. Ovidio Zayas y la agente Daliza Ortiz Claudio.
Por su parte, el sargento Curbelo Muñiz ofreció básica-mente el mismo testimonio que prestó en la vista para la determinación de causa probable para arresto. En esta oca-sión, la defensa y el señor Fernández Rodríguez tampoco objetaron el testimonio del sargento Curbelo Muñiz sobre lo que le declaró el licenciado Carbone. Durante su contrain-terrogatorio, la licenciada Ruiz López le preguntó al sar-gento Curbelo Muñiz los detalles de la conversación que tuvo con el licenciado Carbone. Es decir, prácticamente se reprodujo el testimonio brindado en el directo, para luego mencionar el privilegio abogado-cliente por primera vez en el proceso criminal. Veamos:
P: ¿Qué le dijo, si algo, el Ledo. Carbone?
R: Le pregunté al Ledo. Carbone que dónde se encontraba el arma que había utilizado su cliente con relación a los hechos violentos que habían ocurrido en la Guaracanal. Éste me ma-nifestó que esa arma se encontraba en una jardinera cerca de la Hummer. Inmediatamente, procedí a tomar mi teléfono ce-lular, llamé a la agente Daliza Ortiz que estaba en la escena con la sargento Trinidad ayudándole allí en la escena, le ex-pliqué en dónde se encontraba y le di el teléfono celular al Ledo. Carbone para que le explicara ya que él tenía conocimiento.
P: ¿Y usted se dialogó con el Ledo. Carbone de todo esto ...?
R: No, él estaba hablando por teléfono, cuando terminó de hablar por teléfono pues se quedó en la oficina conmigo espe-rando que recibiera alguna llamada.
P: ¿Usted le preguntó en dónde estaba el arma, usted le preguntó ...?
R: Sí, le pregunté dónde estaba ....
P: [¿]Detalles sobre toda la situación!?]
R: No, simplemente le pregunté dónde estaba el arma con relación a los hechos.
P: Y entonces yo le pregunto, usted me ha dicho anterior-mente que usted reconoce que la persona tiene derecho a no declarar.
*812 R: Eso es así.
P: Y usted reconoce ese derecho.
R: Eso es así.
P: Le pregunto también si usted sabe que existe también un privilegio entre abogado y cliente y que la información entre abogado y cliente es privilegiada y que la única persona que puede responder a ese derecho es el cliente. Transcripción Es-tipulada de la Vista Preliminar, 25 y 29 de octubre de 2007, págs. 50-51, CC-2009-0622, Pieza 2.
Acto seguido, el sargento Curbelo Muñiz reconoció que, a su entender, el acusado no renunció al privilegio abogado-cliente, ni autorizó al licenciado Carbone a que declarara a su nombre. Fue entonces cuando la defensa solicitó la supre-sión del testimonio del sargento Curbelo Muñiz. Luego de un intenso intercambio entre el Ministerio Público y la de-fensa, el juez se reservó el fallo sobre la supresión solicitada.
Otro testimonio que recibió el foro primario, sin objeción de la defensa, fue el de la agente Ortiz Claudio. Esta declaró que recibió por teléfono las instrucciones del licenciado Car-bone para encontrar el arma, las balas, los casquillos y el cargador. A su vez, reconoció en el contrainterrogatorio que encontraron la evidencia gracias a lo que el licenciado Car-bone les comunicó.
Presentada toda la prueba, quedó sometido el caso. Así las cosas, el señor Fernández Rodríguez presentó una mo-ción de supresión de evidencia, en la cual alegó que el tes-timonio del sargento Curbelo Muñiz era inadmisible por contener materia privilegiada. También, adujo que el arma y las municiones ocupadas eran inadmisibles, pues su des-cubrimiento fue producto directo de la información privilegiada. Consecuentemente, el Tribunal de Primera Instancia descalificó al licenciado Carbone como abogado del señor Fernández Rodríguez y lo citó para que compare-ciera como testigo a la vista de supresión de evidencia. En esa vista, el licenciado Carbone negó haber divulgado la información al sargento Curbelo Muñiz. Finalmente, el foro primario no adjudicó credibilidad al licenciado Car-bone y resolvió que la evidencia era admisible porque el señor Fernández Rodríguez renunció implícitamente al *813 privilegio abogado-cliente cuando acudió al Cuartel General a entregarse.
Así las cosas, el foro primario encontró causa probable para acusar al señor Fernández Rodríguez. Presentadas las acusaciones correspondientes, la defensa solicitó la des-estimación al amparo de la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. En esta, adujo que la deter-minación de causa probable en la vista preliminar fue con-traria a derecho, ya que la prueba presentada durante la misma era inadmisible por ser producto de información confidencial cobijada por el privilegio abogado-cliente. Planteó que el abogado no tenía el consentimiento del cliente para divulgar las comunicaciones confidenciales ha-bidas entre ellos. Además, sostuvo que la divulgación violó su derecho a no autoincriminarse. Igualmente, alegó que, sin la información privilegiada y la evidencia física obte-nida como fruto de esta, no se satisfacía el estándar de prueba para determinar causa probable. Ello, pues sostuvo que la única prueba que vincula al señor Fernández Rodrí-guez con los hechos delictivos es la que el Ministerio Pú-blico obtuvo ilegalmente del abogado.
El foro de primera instancia denegó la desestimación solicitada y concluyó que el testimonio del sargento Cur-belo Muñiz era admisible. A pesar de que encontró que no hubo una renuncia al privilegio abogado-cliente, aplicó por analogía la doctrina de autoridad aparente relacionada con la normativa sobre registros y allanamientos irrazonables. En particular, el foro primario expresó que el sargento Curbelo Muñiz creyó de buena fe que el licenciado Carbone estaba autorizado a divulgar la información. Insatisfecho, el señor Fernández Rodríguez acudió ante el Tribunal de Apelaciones.
El foro apelativo intermedio confirmó al Tribunal de Primera Instancia, pero por entender que el señor Fernán-dez Rodríguez renunció tácitamente al privilegio abogado-cliente, al acudir al Cuartel General para entregarse y no objetar el testimonio del sargento Curbelo Muñiz.
Aún inconforme, el señor Fernández Rodríguez acudió *814 ante nos y, en esencia, planteó los mismos fundamentos en que se basó la moción de desestimación.
II
El privilegio abogado-cliente es “el privilegio no consti-tucional más sólido de nuestro ordenamiento”. R. Emma-nuelli, Prontuario de Derecho Probatorio Puertorriqueño, 2da ed., San Juan, Ediciones Situm, 2005, pág. 322. Su propósito es proteger la confidencialidad de las comunica-ciones entre un abogado y su cliente, para fomentar la más amplia comunicación entre ambos. Id.
Las Reglas de Evidencia de Puerto Rico de 1979 (32 L.P.R.A. Ap. IV (ed. 2001)), vigentes al momento de los he-chos, reglamentaban el privilegio abogado-cliente. En lo pertinente, la Regla 25 de dicho cuerpo legal disponía lo siguiente:
(A) Según usadas en esta regla, las siguientes expresiones tendrán el significado que a continuación se indica:
(1) Abogado: Persona autorizada o a quien el cliente razo-nablemente creyó autorizada a ejercer la profesión de abo-gado; incluye a la persona así autorizada y a sus asociados, asistentes y empleados de oficina.
(2) Cliente: Persona natural o jurídica que, directamente o a través de representante autorizado, consulta a un abogado con el propósito de contratarle o de obtener servicios legales o consejo en su capacidad profesional; incluye al incapaz que consulta él mismo a un abogado o cuyo tutor o encargado hace tal gestión con el abogado a nombre del incapaz.
(3) Comunicación confidencial: Aquella comunicación ha-bida entre un abogado y su cliente en relación [con] alguna gestión profesional, basada en la confianza de que no será divulgada a terceras personas, salvo a aquellas personas que sea necesario para llevar a efecto los propósitos de la comunicación.
(B) Sujeto a lo dispuesto en esta regla, el cliente, sea o no parte en el pleito o acción, tiene el privilegio de rehusar reve-lar, y de impedir que otro revele una comunicación confiden-cial entre él y su abogado. El privilegio puede ser invocado no sólo por el poseedor del privilegio que es el cliente, sino tam-bién por una persona autorizada a invocarlo en beneficio de éste, o por el abogado a quien la comunicación fue hecha si lo *815 invoca a nombre de y para beneficio del cliente. 32 L.P.R.A. Ap. IV, R. 25 (ed. 2001).
Conforme a la regla, el privilegio puede ser invocado por su poseedor: el cliente. Asimismo, pueden invocarlo una persona con autorización para ello o el abogado a quien la comunicación fue hecha, si lo invocan a nombre de y para beneficio del cliente. E.L. Chiesa Aponte, Tratado de Derecho Probatorio, Santo Domingo, Ed. Corripio, [s. año], T. 3, pág. 223; 3 Weinstein’s Federal Evidence Sec. 503.20[3], pág. 503-63 (2011).(1)
Para que la comunicación sea privilegiada, debe basarse en la confianza de que no se divulgará a terceras personas, a menos que sea necesario para alcanzar los fines de la comunicación. Chiesa Aponte, op. cit., pág. 222. Precisa-mente, hemos establecido que para que un tribunal reco-nozca una comunicación como privilegiada tienen que con-currir cuatro requisitos:
(1) la comunicación tiene que haberse originado en la con-fianza de que no será divulgada; (2) este elemento de confiden-cialidad tiene que ser esencial para mantener plena y satisfac-toriamente la relación entre las partes; (3) la relación debe ser una que la comunidad considere que debe ser diligentemente promovida y (4) que el perjuicio que causaría la divulgación de la comunicación sea mayor que el beneficio obtenido por la correcta disposición del pleito. García Negrón v. Tribunal Superior, 104 D.RR. 727, 734 (1976).
Como todos los privilegios, incluyendo los de rango cons-titucional, el privilegio abogado-cliente es renunciable. Chiesa Aponte, op. cit., pág. 233. Esta renuncia debe ser voluntaria, consciente e inteligente. Pueblo en interés me-nor J.A.B.C., 123 D.P.R. 551, 561 (1989); Pueblo v. Pellot Pérez, 121 D.P.R. 791, 802 (1988). Es decir, la renuncia debe ser realizada sin que medie intimidación, coacción o *816 violencia por parte del Estado. Pueblo v. Ruiz Bosch, 127 D.P.R. 762, 775 (1991); Pueblo en interés menor J.A.B.C., supra. Con relación a esto, la Regla 33 de de Evidencia de 1979 disponía que
[u¡na persona que de otro modo tendría el privilegio de no divulgar un asunto o materia específico, o de impedir que otra persona lo divulgue, no tiene tal privilegio respecto a dicho asunto o materia si el tribunal determina que esa persona, o cualquier otra mientras era la poseedora del privilegio, se obligó con otro a no invocar el privilegio, o que sin haber sido coaccionada y con conocimiento del privilegio, divulgó cual-quier parte del asunto o materia, o permitió tal divulgación por otra persona. Esta regla no se aplicará a los privilegios establecidos en las Reglas 23 y 24. (Enfasis suplido.) 32 L.P.R.A. Ap. IV, R. 33 (ed. 2001).
Asimismo, la Regla 34 del mismo cuerpo legal establecía que “[e]l juez que preside un caso podrá admitir una comu-nicación de otra manera privilegiada cuando determine que la conducta del poseedor del privilegio equivale a una renuncia, independientemente de lo dispuesto en la Regla 33”. 32 L.P.R.A. Ap. IV (ed. 2001). Así pues, esta regla con-fiere discreción al tribunal para admitir materia privile-giada cuando entienda que el poseedor del privilegio incurre en una conducta incompatible con la confidencialidad de la información. Emmanuelli, op. cit., pág. 393. Un ejemplo de lo anterior es cuando se trae a colación materia que pudiera estar cobijada por algún privilegio y el poseedor del privile-gio no objeta oportuna y correctamente ante el tribunal. Id.
Este deber de objetar para que el privilegio no se en-tienda renunciado también aplica cuando es el abogado quien divulga la información a un tercero. Al respecto, el profesor Chiesa Aponte sostiene en su Tratado de Derecho Probatorio que “el privilegio impide a un abogado divulgar una comunicación confidencial que le hizo el cliente, y si el abogado le divulga a un tercero la comunicación confiden-cial, el tercero no podrá testificar sobre ella ante objeción del cliente (poseedor del privilegio) o su representante”. (Enfasis suplido.) Chiesa Aponte, op. cit., pág. 236.
*817 En la jurisdicción federal, la jurisprudencia(2) y varios tratadistas reconocidos en el campo del derecho probatorio también han concluido que la falta de objeción ante la ad-misión de prueba cobijada por el privilegio abogado-cliente equivale a una renuncia a este privilegio. En específico, el tratado Weinstein’s Federal Evidence expresa lo siguiente:
The privilege is not automatic: it must be asserted whenever privileged evidence is sought to be discovered or introduced. Failure to assert the privilege when the evidence is first presented constitutes a voluntary waiver. In addition to raising the privilege objection, the claimant generally must also refrain from disclosing the privileged information until the court has ruled on the privilege claim. (Escolios omitidos.) Weinstein’s, supra, Sec. 503.20[2], págs. 503-62-503-63.
Asimismo, el referido tratado sostiene: “ [i] f the client is present at a hearing at which privileged information is sought and is aware of his or her rights, the client or the attorney must assert the privilege or it will be deemed waived.” Weinstein’s, supra, Sec. 503.43, pág. 503-118.
Por otra parte, el tratado McCormick on Evidence tam-bién asevera lo siguiente: “if the holder of the privilege fails to claim his privilege by objecting to disclosure by himself or another witness when he has an opportunity to do so, he waives his privilege as to the communications so disclosed.” 1 McCormick on Evidence Sec. 93, pág. 421 (2006). Por lo tanto, si un tercero declara sobre información privilegiada al amparo del privilegio abogado-cliente, la defensa o el po- *818 seedor del privilegio tienen que objetar e invocarlo oportu-namente para que no se entienda renunciado.
Una vez el cliente renuncia al privilegio abogado-cliente en una etapa del procedimiento, esa renuncia se extiende a las etapas posteriores, sobre todo si se trata de testimonio en corte. Chiesa Aponte, op. cit., pág. 235. En la jurisdic-ción federal, la opinión predominante al respecto también sostiene lo anterior. En específico, el tratado McCormick on Evidence explica lo siguiente: “When at an earlier trial or stage of the case the privilege has been waived and testimony as to the privileged communications elicited without objection, the prevailing view is that this is a waiver also for any subsequent hearing of the same case.” McCormick on Evidence, supra, pág. 424.
Por último, debemos recalcar que el privilegio abogado-cliente, al igual que los demás privilegios decretados en las Reglas de Evidencia, se interpreta restrictivamente. Regla 35 de Evidencia, 32 L.P.R.A. Ap. IV (ed. 2001). Véase, ade-más, Lugo Ortiz v. Ferrer, 85 D.P.R. 862, 871 (1962). Con-siguientemente, esta interpretación restrictiva del privile-gio acarrea la interpretación liberal de la renuncia al privilegio. Chiesa Aponte, op. cit., pág. 235.
- Además de lo dispuesto por estas Reglas de Evidencia, el Canon 21 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, impone al abogado, como parte de su deber de fidelidad al cliente, la obligación de no divulgar sus secretos o confi-dencias y de adoptar medidas adecuadas para evitar su divulgación. Por lo tanto, el abogado está obligado a alegar el privilegio abogado-cliente para proteger las confidencias de su cliente cuando surja la necesidad. Emmanuelli, op. cit., pág. 325.
III
La Opinión de este Tribunal resuelve que el señor Fer-nández Rodríguez no renunció al privilegio abogado-cliente, ya que, cuando el licenciado Carbone divulgó la información privilegiada al sargento Curbelo Muñiz, el *819 acusado estaba bajo custodia en otro lugar. Además, sos-tiene que el acusado no autorizó a su abogado a declarar a su nombre. Coincidimos en que no hubo renuncia al privi-legio en ese momento. Sin embargo, creemos que sí hubo una renuncia al privilegio abogado-cliente en la vista de determinación de causa probable para arresto, debido a la falta de objeción de la defensa y del cliente al testimonio del sargento Curbelo Muñiz. Dicha renuncia se extiende a la etapa de vista preliminar, pues, como expresamos, una vez renunciado el privilegio, su renuncia se extiende a las etapas posteriores de los procedimientos. Chiesa Aponte, op. cit., pág. 235. La Opinión mayoritaria de este Tribunal no considera la posibilidad de que se hubiera renunciado al referido privilegio en alguna de estas dos vistas. Veamos.
En la etapa de vista para la determinación de causa probable para arresto, el señor Fernández Rodríguez com-pareció representado por cuatro abogados. Además, le acompañaban otros dos abogados, aunque no en calidad de representantes legales. Durante esa vista, el sargento Cur-belo Muñiz declaró en detalle sobre la información que le proveyó el licenciado Carbone y la manera en que ello pro-pició el descubrimiento de la evidencia física cuya inadmi-sibilidad solicitó la defensa. Ninguno de los cuatro aboga-dos de defensa objetó el referido testimonio. Tampoco objetaron los otros dos abogados que asistieron a la vista como acompañantes del entonces imputado. En cambio, la defensa permitió la divulgación de la información que es-taba protegida por el privilegio abogado-cliente. Esto, a pe-sar de que la Regla 25 de Evidencia facultaba a los allí presentes para invocar el privilegio en beneficio del señor Fernández Rodríguez e impedir dicho testimonio del sar-gento Curbelo Muñiz. 32 L.RR.A. Ap. IV, R. 25 (ed. 2001). Con relación a esto, el derecho aplicable es claro y especí-fico al preceptuar que la falta de objeción a la divulgación de la información confidencial equivale a una renuncia al privilegio.
Por todo lo anterior, nos vemos forzados a concluir que el señor Fernández Rodríguez renunció al privilegio aboga- *820 do-cliente en la vista para la determinación de causa probable para arresto y dicha renuncia se extiende a las eta-pas posteriores del procedimiento criminal. Por lo tanto, en este caso, la renuncia al privilegio se extiende a la etapa de vista preliminar.
Aun si concluyéramos que en la vista para la determi-nación de causa probable para arresto no se renunció al referido privilegio, igualmente pudiéramos concluir que hubo dicha renuncia en la vista preliminar. En esta, el sar-gento Curbelo Muñiz volvió a declarar detalladamente so-bre la información divulgada por el licenciado Carbone. Asimismo, la agente Ortiz Claudio testificó sobre lo que le comunicó el licenciado Carbone por teléfono respecto a la ubicación de la evidencia física que alegadamente el señor Fernández Rodríguez enterró en la jardinera. De nuevo, ninguno de los cuatro abogados de defensa objetaron estos testimonios. No fue hasta el contrainterrogatorio del sar-gento Curbelo Muñiz que la licenciada Ruiz López men-cionó por primera vez el privilegio abogado-cliente, luego de ella misma provocar que se reprodujera por completo el testimonio sobre la información “privilegiada” cuya admi-sión ahora pretenden impedir.
Nuevamente, la Regla 33 de Evidencia dispone que una persona no tendrá el privilegio abogado-cliente si permitió la divulgación de la información por otra persona. 32 L.RR.A. Ap. IV (ed. 2001). Si la defensa quería mantener la confidencialidad de las comunicaciones entre el licenciado Carbone y el señor Fernández Rodríguez, debió objetar oportunamente el testimonio del sargento Curbelo Muñiz y de la agente Ortiz Claudio. Ello incluye al acusado, quien tampoco objetó.
Por todo lo anterior, concluimos que, en el caso de autos, se renunció al privilegio abogado-cliente, por lo que eran admisibles en evidencia el testimonio del sargento Curbelo Muñiz y la evidencia física obtenida gracias a la divulga-ción por el licenciado Carbone de las comunicaciones habi-das con su cliente. En consecuencia, la vista preliminar se *821 celebró conforme a derecho y no procedía desestimar las acusaciones al amparo de la Regla 64(p) de Procedimiento Criminal, supra.

 “The privilege may be asserted by the client, the client’s guardian or conservator, the personal representative of a deceased client, or the successor, trustee, or similar representative of a corporation, association, or other organization, whether or not the organization is in existence.” 3 Weinstein’s Federal Evidence Sec. 503.20[3], pág. 503-63 (2011).

 United States v. Suarez, 820 F.2d 1158, 1160 (11mo Cir. 1987) (“at the point where the attorney-client communications are no longer confidential, ... where there has been disclosure of a privileged communication, there is no justification for retaining the privilege”); United States v. Gartner, 474 F.2d 297, 299 (9no Cir. 1973) (“The failure to assert the privilege when the evidence was first presented constituted a voluntary waiver of the right.... Once the subject matter is disclosed by a knowing failure to object there is nothing left to protect from disclosure” (citas omitidas)); Banks v. Office of Senate Sergeant-at-Arms, 233 F.R.D. 1, 9 (D. D.C. 2005) (“Failure to assert the privilege within a reasonable time, without a showing of good cause, constitutes a waiver of the privilege”); Perrignon v. Bergen Brunswig Corp., 77 F.R.D. 455, 459 (1978) (“By failing to make a timely objection, [the client] waived any privilege that may have existed with respect to the statements”).