

## NUMBER 13-20-00427-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

## IN RE THOMAS PETROLEUM HOLDINGS, LLC, C.L. THOMAS, INC., AND C.L. THOMAS HOLDINGS INVESTMENTS, LLC

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Benavides[1]

Relators Thomas Petroleum Holdings, LLC, C.L. Thomas, Inc., and C.L. Thomas Holdings Investments, LLC filed a petition for writ of mandamus asserting through six issues that the trial court abused its discretion by ordering them to produce documents protected by the attorney-client privilege. In the underlying trial court proceedings, relators and Jeffrey Johanson, the former chief executive officer of C. L. Thomas, Inc., filed

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

competing declaratory judgments over the amount of compensation owed to Johanson based on the appraised fair market value of Thomas Petroleum Holdings, LLC and the value of a loan owed to Clifton L. Thomas Jr. The parties have previously engaged in an arbitration proceeding in which Johanson received an arbitration award against relators based on various breach of contract claims.

In this petition for writ of mandamus, relators assert that they established a prima facie case that the forty-four documents at issue are attorney-client privileged and the privilege was not waived by their voluntary production, offensive use, or selective production. Relators further assert that the trial court abused its discretion in ordering them to produce these documents because the production ordered is "duplicative." According to relators, Johanson and his counsel have already reviewed these documents and have them in their possession because the documents were produced in the arbitration proceeding pursuant to an agreed protective order. We note that the agreed protective order issued in the arbitration proceeding: (1) designated all documents produced there as "confidential"; (2) provided for an additional level of protection for documents designated as "Attorneys Eyes Only," which was apparently not used for the documents at issue here; (3) allowed the use of documents "solely" for the purpose of arbitration; (4) prohibited the parties from using the agreed protective order to prove that the documents produced contained trade secrets, confidential, or proprietary information; and (5) provided that the production of documents pursuant to the order was "not a waiver of a trade secret or other privilege."

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "[A] party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error." *Walker*, 827 S.W.2d at 843. "If the trial court issues an erroneous order requiring the production of privileged documents, the party claiming the privilege is left without an adequate appellate remedy." *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding); *In re Living Centers of Tex., Inc.*, 175 S.W.3d 253, 256 (Tex. 2005) (orig. proceeding).

The attorney client privilege is codified in Rule 503 of the Texas Rules of Evidence. *See generally* TEX. R. EVID. 503. Under this rule, a client has a privilege to refuse to disclose confidential information made to facilitate the rendition of professional legal services to the client. *See id*. R. 503(b)(1); *In re Nat'l Lloyds Ins. Co.*, 523 S.W.3d 794, 803 (Tex. 2017) (orig. proceeding). "This means that the communication must be 'made by a client seeking legal advice from a lawyer in his capacity as such and the communication must relate to the purpose for which the advice is sought . . . .'" *In re Silver*, 540 S.W.3d 530, 539 (Tex. 2018) (orig. proceeding) (quoting *Duval Cnty. Ranch Co. v. Alamo Lumber Co.*, 663 S.W.2d 627, 634 (Tex. App.—Amarillo 1983, writ ref'd

3

n.r.e.)). The party asserting the privilege has the burden to plead and produce evidence establishing a prima facie case for the existence of the privilege. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d at 279–80; *see* TEX. R. CIV. P. 193.3, 193.4; *In re Rescue Concepts, Inc.*, 556 S.W.3d 331, 339 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding).

The privilege is waived by voluntary disclosure of any significant part of the privileged matter unless the disclosure is privileged. *See* TEX. R. EVID. 511(a)(1); *In re Ford Motor Co.*, 211 S.W.3d 295, 301 (Tex. 2006) (orig. proceeding) (per curiam); *see also United States v. Suarez*, 820 F.2d 1158, 1160 (5th Cir. 1987) (stating that "where there has been a disclosure of a privileged communication, there is no justification for retaining the privilege"). The privilege may also be waived by "offensive use" of the privilege which occurs when a party seeking affirmative relief attempts to protect outcome-determinative information from discovery. *Paxton v. City of Dallas*, 509 S.W.3d 247, 264 (Tex. 2017); *In re M-I L.L.C.*, 505 S.W.3d 569, 579 (Tex. 2016) (orig. proceeding); *Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 163 (Tex. 1993) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, Johanson's response, relators' reply, the applicable law, and the specific facts and circumstances of this case, is of the opinion that relators have failed to meet their burden to obtain relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus.

4

GINA M. BENAVIDES
Justice

Delivered and filed on the
26th day of May, 2021.