[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14871
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cv-60436-WPD


ERIC WATKINS,

Plaintiff-Appellant,

versus

BROWARD SHERIFF'S OFFICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 2, 2019)

Before WILLIAM PRYOR, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Eric Watkins, proceeding *pro se*, appeals following an adverse verdict in his 42 U.S.C. § 1983 civil rights action.  Watkins alleges that Broward County Sheriff's Office Deputy Eugene Mobley arrested him without probable cause and then used excessive force by tasing him.  A jury returned a verdict in favor of Mobley.

On appeal, Watkins argues that the district court abused its discretion by denying his motions for appointment of counsel, continuance, and leave to amend.  Watkins also contends that the court committed numerous discovery and evidentiary errors.  We affirm.

## I

We review the denial of a motion for appointment of counsel for an abuse of discretion.  *Bass v. Perrin*, 170 F.3d 1312, 1319 (11th Cir. 1999).

"A plaintiff in a civil case has no constitutional right to counsel."  *Id.* at 1320.  Under 28 U.S.C. § 1915(e)(1), however, a district court may appoint counsel for an indigent plaintiff.  *Id.*  Appointment of counsel in a civil case is appropriate only in exceptional circumstances, such as when the facts and legal issues are so novel and complex as to require the assistance of a trained practitioner.  *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).  "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court."  *Id.*  "Where the facts and issues are simple," typically a

2

*pro se* litigant "will not need such help." *Id.* To determine whether exceptional circumstances exist, we consider the following factors: (1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting his or her case; (3) whether the litigant is in a position to adequately investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (*adopted by Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (finding no exceptional circumstances, when, among other factors, the plaintiff's claims were based on incidents mostly witnessed by himself)); *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1065 n.11 (11th Cir. 2013) ("This Court has often looked to the factors outlined in *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir.1982) for guidance in determining if exceptional circumstances warrant appointment of counsel.").

We find that no extraordinary circumstances exist here. Watkins filed a pretrial motion for appointment of counsel and the district court referred Watkins's request to the Volunteer Attorney Program. Watkins received representation through the program but then voluntarily rejected the opportunity to be represented by counsel when he fired the attorney provided to him. It was not an abuse of the district court's broad discretion to deny Watkins's motion for appointment of counsel. Even if Watkins had not voluntarily rejected his representation on the

3

morning of trial, his claims for relief, which involved allegations of excessive force and false arrest, were neither novel nor complex, and his claims involved incidents that he witnessed himself. *See Fowler*, 899 F.2d at 1096 (holding that where "plaintiff's claims [were] relatively straightforward and involve incidents … which plaintiff witnessed himself" the denial of his motion for appointment of counsel "was proper [because] there were no exceptional circumstances").

## II

We review the disposition of requests for trial continuances for abuse of discretion. *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1350–51 (11th Cir. 2003). The denial of a continuance is within the broad discretion of the district court and will not be overturned unless the denial is arbitrary or unreasonable. *Id.* at 1351. In reviewing a denial of a request for a continuance, we consider several factors, including (1) the diligence of the party requesting the continuance to ready the case prior to the date set for hearing; (2) the likeliness that the need for continuance could have been met if a continuance had been granted; (3) the extent to which granting the continuance would have been an inconvenience to the court and the opposing party, including its witnesses; and (4) the extent to which appellant might have suffered harm as a result of the denial. *Id*. (quoting *Hashwani v. Barbar*, 822 F.2d 1038, 1040 (11th Cir. 1987)).

4

Watkins alleges that "he needed the extension of time so that he could get a pro bono attorney" and "prepare[] to try his case." The district court denied his first motion for a two-month continuance, but on the same day appointed a volunteer counsel for Watkins. Two weeks later, the court postponed the trial for 11 days due to juror unavailability. After his motion for a continuance was denied, Watkins's attorney did not request a continuance and in fact acknowledged that the district court had accommodated his schedule.

By appointing volunteer counsel for Watkins and postponing the trial due to juror unavailability, the district court mooted the necessity for a continuance under the second *Quiet Tech* factor. 326 F.3d at 1351 (the "need for continuance" was met by providing counsel and postponing the trial such that "if a continuance had been granted" it would provide no new benefit as requested by Watkins). Next, looking at the third factor—the inconvenience a continuance would cause—the district court clearly would have been inconvenienced. The court indicated that it did not know whether it would have another opening to try the case the following month. Finally, as to the fourth factor, Watkins failed to show that he suffered harm—or would have prepared differently—as a result of the denial.

### III

We review the district court's denial of a motion for leave to amend a complaint for abuse of discretion. *Long v. Satz*, 181 F.3d 1275, 1278 (11th Cir.

5

1999) (per curiam) (citation omitted). While the pleadings of *pro se* litigants are construed liberally, "we nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (citation omitted) (finding motion was properly dismissed where *pro se* plaintiff failed to serve defendant a copy of the complaint). "Filing a motion is the proper method to request leave to amend a complaint." *Long*, 181 F.3d at 1279. "A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Id.* (holding that plaintiff's failure to properly request leave to amend her complaint, when she had adequate time and opportunity to do so, precluded her argument on appeal that the district court abused its discretion by denying leave). We may affirm the judgment of the district court on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court. *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

The district court did not abuse its discretion in denying Watkins leave to amend his amended complaint because he failed to conform to the district court's procedural rules. Watkins did not comply with Local Rule 15.1, which required him to file a copy of his proposed second amended complaint with his motion for leave. *See Albra*, 490 F.3d at 829. Additionally, Watkins moved to amend his complaint a second time more than a month after the scheduling-order deadline.

His failure to properly request leave to amend his previously amended complaint, when he had adequate time and opportunity to do so, precludes his argument on appeal that the district court abused its discretion by denying him leave. *See Long*, 181 F.3d at 1279.

## IV

We review orders compelling discovery for an abuse of discretion. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). "[A] district court is allowed a range of choice in such matters, and we will not second-guess the district court's discovery decisions unless they reflect a clear error of judgment." *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006) (citation and internal quotations omitted).

Watkins claims that it was error to grant Mobley's motion to compel an independent medical examination because Mobley's "medical examiner was not independent or impartial because he was hired by [Mobley]." Mobley notes that Watkins placed his mental and emotional condition at issue, and that he was given the opportunity to cross-examine the doctor.

Federal Rule of Civil Procedure 35(a) provides that a district court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination." Fed. R. Civ. P. 35(a). It was not an abuse of discretion to grant Mobley's motion. Watkins placed his mental condition in

7

controversy by asserting that, as a result of the incident with Mobley, he continues to suffer from anxiety, depression, flashbacks, paranoia, and sleepless nights. To the extent that Watkins argues that the doctor was biased, the district court was not required to appoint an independent medical examiner, and Watkins was permitted to explore his concerns through cross-examination at trial. Accordingly, the district court's decision did not reflect a clear error of judgment. *See Holloman*, 443 F.3d at 837.

**V**

Watkins contends that the district court's evidentiary rulings at trial constituted an abuse of discretion. We take each claim in turn.

**A**

First, Watkins contends that the district court prejudiced him and abused its discretion when it rejected his proposed jury instructions regarding the legal sufficiency of the probable-cause affidavit and corrected his misstatements of the law in the presence of the jury.

"We review jury instructions *de novo* to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party, but the district court is given wide discretion as to the style and wording employed in the instructions." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013) (quoting *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1276 (11th Cir. 2008)).

8

A district court's refusal to give a requested jury instruction is reviewed only for an abuse of discretion. *Id.* "In refusing to give a requested jury instruction, an abuse of discretion is committed only when (1) the requested instruction correctly stated the law, (2) the instruction dealt with an issue properly before the jury, and (3) the failure to give the instruction resulted in prejudicial harm to the requesting party." *Id.* (alterations and quotation marks omitted).

False arrest is a violation of the Fourth Amendment and a viable claim under § 1983. *Ortega v. Christian*, 85 F.3d 1521, 1525–26 (11th Cir. 1996). A claim for false arrest arises when an arrest occurs without a warrant and without probable cause. *Gates v. Khokar*, 884 F.3d 1290, 1297 (11th Cir. 2018). "[T]he existence of probable cause at the time of arrest," however, "serves as an absolute bar" to a false arrest claim. *Id.* "Probable cause exists where the facts within the collective knowledge of law enforcement officials, derived from reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that a criminal offense has been or is being committed." *Id.* at 1298 (quoting *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010)). It is a lower bar than the "specific evidence of each element of the offence" that is required to support a conviction. *Holmes v. Kucynda*, 321 F.3d 1069, 1079 (11th Cir. 2003) (quoting *Adams v. Williams*, 407 U.S. 143, 149 (1972)).

Watkins claims that the district court "committed reversible error" when it declined to issue his proposed jury instruction and, "in the presence of the jury," stated "that the … probable cause affidavit did not have to be supported by facts." As Mobley highlights, and the record confirms, however, the district court only stated that "the absence of detail in a probable cause affidavit doesn't mean that there wasn't probable cause."

The district court did not abuse its discretion by refusing Watkins's proposed instruction and correcting his mischaracterizations of probable cause in the presence of the jury because the proposed instruction and Watkins's questions regarding the details omitted from the affidavit misstated the law.  Mobley was not required to include the type of specific evidence of each element of the offense that would be needed to support a conviction.  *Gates*, 884 F.3d at 1297.  Instead, Mobley was permitted to arrest Watkins without a warrant so long as the facts and circumstances within Mobley's knowledge, based on reasonably trustworthy information, would have caused a reasonable officer to believe that Watkins had committed, was committing, or was about to commit an offense.  *See id.*

## B

Watkins next contends that the district court erred by excluding the evidence of his judgment of acquittal in his underlying criminal case because without that evidence, as he sees it, "the jury could have very well believed or presumed that

10

[he] was convicted of the charges and now is attempting to sue the officer." Watkins's counsel, however, had no objection to excluding the results of the criminal trial "so long as [the defense] do[es]n't open the door."

We review the district court's grant of a motion *in limine* for abuse of discretion. *Al-Amin v. Smith*, 637 F.3d 1192, 1195 (11th Cir. 2011) (citation omitted). Under the abuse-of-discretion standard, we may reverse a decision of the district court only if the court "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004) (citation omitted). Likewise, a "district court has wide discretion in determining the relevance of evidence produced at trial." *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1161 (11th Cir. 2005) (per curiam). Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of … unfair prejudice, … undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In *United States v. Irvin*, we held that a district court did not abuse its discretion in granting the government's motion *in limine*, which prevented the defendant from mentioning, referring to, or soliciting information about the acquittals of his co-defendants in a previous trial. 787 F.2d 1506, 1516–17 (11th Cir. 1986). Noting that a judgment of acquittal is inadmissible hearsay, we stated

11

that, "[e]ven if the evidence of prior acquittal was otherwise admissible, it would be properly excludable under Rule 403, [] because its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Id.* at 1517; *see also United States v. Lyons*, 403 F.3d 1248, 1255–56 (11th Cir. 2005) (concluding that the district court did not err in granting the government's motion *in limine* to exclude evidence of the defendant's prior acquittal, despite defendant's argument that it was relevant to show motive and bias, stating that any relevance was "exceedingly marginal and, given that it may have confused the jury, we c[ould] find no abuse of discretion in the district court's decision to exclude this evidence").

Our analysis on this point is straightforward: The district court did not abuse its discretion by granting Mobley's motion *in limine* because Watkins's counsel stated at calendar call that, so long as Mobley did not open the door, counsel had no objection to excluding the result of the underlying criminal case. With respect to the objection Watkins filed himself, the district court acted within its discretion in declining to address it while Watkins was represented by counsel. *See Klay*, 376 F.3d at 1096. Watkins still has not provided a substantial explanation as to the acquittal's relevance, and it was not an abuse of discretion for the district court to conclude that the judgment was irrelevant. *See Cabello*, 402 F.3d at 1161. Indeed,

12

even when Watkins represented himself, he indicated that he understood the court's decision to exclude the evidence and he did not object.

## C

Watkins argues that the district court abused its discretion and prejudiced him by imposing time limits on his witness examinations and "constantly admonish[ing]" and "rush[ing]" him to speed up his examination of Mobley. Similarly, he contends that the district court's comments and rulings during trial favored Mobley and, by their impartiality, prejudiced him.

We review an appellant's claim that the district court improperly limited the scope of his witness examination for a clear abuse of discretion. *United States v. Maxwell*, 579 F.3d 1282, 1295 (11th Cir. 2009). We review the conduct of the district court at trial for abuse of discretion. *See United States v. Hill*, 643 F.3d 807, 845–46 (11th Cir. 2011). "'Because a clear effect on the jury is required to reverse for comment by the trial judge,' we will only consider the trial court's comments that were made in the presence of the jury." *Id.* at 845 (quoting *United States v. Palma*, 511 F.3d 1311, 1317 (11th Cir. 2008)).

The Federal Rules of Evidence provide that a district court "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue

13

embarrassment." Fed. R. Evid. 611(a). "The discharge of this responsibility necessarily entails the exercise of discretion." *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1477 (11th Cir. 1984). And because cross-examination is the principal means of testing a witness's credibility and the truth of his testimony, a district court is vested with broad discretion "to preclude repetitive and unduly harassing interrogation." *Davis v. Alaska*, 415 U.S. 308, 316 (1974); *see also* Fed. R. Evid. 611(a).

In conducting a trial, the district court "may comment on the evidence, may question witnesses and elicit facts not yet adduced or clarify those previously presented, and may maintain the pace of the trial by interrupting or cutting off counsel as a matter of discretion." *Hill*, 643 F.3d at 845 (quotation omitted). The trial court abuses its discretion only when the judge's conduct "strays from neutrality," and even then, only when its remarks demonstrate "pervasive bias and unfairness" that results in actual prejudice to a party. *Id.* at 845-46 (citations and internal quotations omitted).

In assessing a district court's broad discretion to manage trials, we have held that a court did not abuse its discretion where the "record show[ed] that the district court exercised reasonable control in managing the flow of the trial by establishing time limits," and the appellant provided no evidence that the court acted "inflexibly

14

or unreasonably with respect to the time restrictions." *Akouri v. Fla. Dep't of Transp.*, 408 F.3d 1338, 1346 (11th Cir. 2005).

The same analysis holds true here.  The district court did not abuse its broad discretion by imposing time limits on Watkins's examination.  First, the record indicates that, although the district court imposed certain time restrictions during trial, they were flexible, and they were only imposed after multiple warnings.  Second, the district court did not abuse its discretion when it prevented Watkins from continuing his repetitive lines of questioning during his examinations of Mobley and Anthony Floreal.  *See Maxwell*, 579 F.3d at 1295.  With respect to the questions Watkins asked Mobley, Watkins had already been permitted to read the entire probable cause affidavit to the jury, and Mobley confirmed that Watkins had read it correctly.  As Watkins proceeded to examine Mobley, the court gave Watkins repeated warnings that he was wasting time and needed to raise relevant questions or wrap up his examination.  Third, and finally, the district court did not stray from neutrality.  The court's comments in the presence of the jury were not derogatory or disparaging, and the court was evenhanded in its rulings.  Instead, comments were merely directives to Watkins to "mov[e] things along" or pick up the pace.  *See Hill*, 643 F.3d at 846.

15

**D**

Watkins contends that the district court erred by excluding an audio recording of Mobley's deposition without reviewing the recording and that this exclusion prevented him from impeaching Mobley's credibility.  Watkins claims he was "having trouble explaining the relevance of the [recording] … due to his inexperience."

"We review evidentiary rulings for an abuse of discretion."  *Adams v. Austal*, *U.S.A., L.L.C.*, 754 F.3d 1240, 1248 (11th Cir. 2014) (citation omitted). "An abuse of discretion occurs where the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact."  *Id.* (citation omitted).  Evidentiary rulings are overturned only "when the moving party has proved a substantial prejudicial effect."  *Id.* (citation omitted); *see also Perry v. State Farm Fire & Cas. Co.*, 734 F.2d 1441, 1446 (11th Cir. 1984) (per curiam) (explaining that an error in an evidentiary ruling is "harmless if it does not affect the substantial rights of the parties").

Here, the district court did not abuse its discretion by excluding the audio recording of Mobley's deposition, and the record does not support Watkins's contention that he was prejudiced, substantially or otherwise, by the district court's evidentiary ruling.  After the district court told Watkins that he could not publish

16

the recording to the jury, the court explained the proper method by which Watkins could impeach Mobley, and directed Watkins to explain any differences between Mobley's statements in court and in the deposition. Furthermore, using a transcript of Mobley's deposition, the district court helped Watkins with the proper procedure for questioning Mobley and permitted Watkins to read multiple pages of the transcript in the presence of the jury. Accordingly, Watkins's claim that the district court improperly excluded the recording and unfairly prejudiced him lacks merit.

### E

Watkins also contends that the district court erred by permitting the testimony of Shernette Johnson because Mobley had withheld her sworn affidavit from him, "which caused [him] to be unprepared to cross[-]examine her." Mobley claims that Johnson was timely disclosed on the witness list.

If a witness is not retained or specially employed to provide expert testimony in the case or is not one whose duties as the party's employee regularly involve giving expert testimony, the party is not required to provide a full written report. Fed. R. Civ. P. 26(a)(2)(B).

The district court did not err in permitting Johnson to testify. First, the record belies Watkins's contention that he was surprised by this witness and lacked sufficient time to prepare for cross-examination. Mobley provided Watkins a copy

17

of Johnson's two-page declaration, and Watkins acknowledged that he knew the witness by her maiden name before she testified.  Second, because Johnson was a lay fact witness, Mobley was not required to provide a written report to Watkins. *See* Fed. R. Civ. P. 26(a)(2)(B).  Finally, because Johnson testified to the events leading up to Watkins's arrest, and Watkins was present for and had personal knowledge of the facts to which she testified, he cannot now claim surprise.

**F**

Watkins contends that the district court erred in permitting Mobley to refer to Watkins's "multiple" past lawsuits against the Broward County Sheriff's Office and other law enforcement officials in his opening arguments.  Because he did not testify about his previous lawsuits, Watkins says, Mobley's statement was irrelevant and prejudicial to his case.  Mobley argues that the district court was within its discretion to allow him to refer to Watkins's past lawsuits because it was relevant to show bias and animus against the police.

As we explained above, Federal Rule of Evidence 403 permits a court to exclude relevant evidence if its probative value is substantially outweighed by prejudice or confusion to the jury.  District courts are given broad discretion when determining whether evidence should be excluded for its potential prejudice to a party of confusion to the jury.  *See United States v. Novaton*, 271 F.3d 986, 1006

18

(11th Cir. 2001) (holding that the district court properly exercised its discretion under Rule 403 in limiting cross-examination to reveal a witness's potential bias).

While Watkins asserts that a review of his testimony shows that he did not testify to the facts of his previous lawsuits, the record indicates otherwise. Additionally, as the district court observed in its order denying Watkins's motion to exclude evidence of his lawsuits, the evidence was relevant to show bias. Accordingly, Watkins's argument lacks merit.

## G

Finally, Watkins argues that the district court erred in sustaining Mobley's objection to Watkins's question, "[D]id you state to your lawyer that … Watkins was moving aggressively to another officer when I tased him?" Specifically, Watkins contends that the court prevented him from attacking Mobley's credibility with Mobley's previous motion to dismiss, and instead limited him to "one more question." Mobley asserted attorney-client privilege.

Attorney-client privilege promotes "freedom of consultation between client and lawyer." *United States v. Suarez*, 820 F.2d 1158, 1150 (11th Cir. 1987). By invoking the privilege and maintaining confidential communications, a litigant is free from "the fear of subsequent compelled legal disclosure" of those communications. *Id.* Until such client communications are disclosed—i.e., no longer confidential—the privilege remains in place. *Id.* We review a district

19

court's decision to sustain an objection which invokes this privilege for an abuse of discretion. *Adams*, 754 F.3d at 1248.

Watkins's initial question regarding what Mobley said to his lawyer sought to elicit privileged communications, and, therefore, the district court did not abuse its discretion in sustaining Mobley's objection. *See Suarez*, 820 F.3d at 1150. Moreover, and in any event, Watkins cannot show that he was prejudiced by the district court's rulings. *See Adams*, 754 F.3d at 1248. Although Watkins claims that the district court prevented him from attacking Mobley's credibility, Watkins was permitted to put his contention to the jury. Even after Mobley renewed his objection, the district court permitted Watkins to finish presenting his argument before sustaining Mobley's objection.

Accordingly, we **AFFIRM** in all respects.